IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00128-CV

 

One Ford Mustang VIN 1FAFP40471F207859,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 13th District Court

Navarro County, Texas

Trial Court No. 05-00-14653-CV

 



DISSENTING Opinion










 

            I would hold that the following
testimony by Raye is some evidence that the only interest she retained was a
feeble, ineffective, layperson’s effort to retain a lien or security interest
in the mustang.

Q.        What did you do with the car?

 

A.        It was sold to Chris Harris.

 

Q.        Okay.  And did you have an agreement
with Mr. Harris about paying it out?

 

A.        Yes.

 

* * *

 

Q.        And did you have an agreement with him
to transfer the title upon full payment?

 

A.        Yes.

 

RR Vol. 2, pgs 25, 26.

            She would not even claim an ownership interest.

Q.        …And are you the owner of a 2001
mustang?

 

A.        My name is on the title.

 

RR Vol. 2, pgs 24-25.

            She failed to comply with the law as
it relates to perfecting her lien interest in the car her boyfriend sold for
her.  Her boyfriend’s friend, the buyer – Harris – was a drug dealer.  Harris
was using the car to transport drugs and that makes his car contraband.

            The easy way, the lawful way, for Raye
to protect her interest was to comply with the law and perfect her security
interest in the vehicle she “sold” (her term, not mine).

            Instead, the majority of this Court
makes holdings that could impact real estate transactions when they are here
deciding a personal property forfeiture case.  How?  Because Raye, her
boyfriend, and Harris used a form real estate contract to try to document the
sale of the car, the note payment terms, and the security interest.  But the
payment terms are just that – nothing more and nothing less.  And the attempt
to keep a security interest was ineffective.[1]

            In closing, I note that any question
about whether Raye thinks she sold the car is foreclosed by her second issue. 
She wants the trial court (and now this Court) to render a judgment for the
balance due on the note.

            I would affirm the judgment of
forfeiture.  Because the majority does not, I dissent.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Dissenting
opinion delivered and filed July 18, 2007









[1]
 The majority’s holding may also have
unexpected collateral consequences in criminal law as well.  Under the
majority’s holding, could Reyes have resorted to self-help by repossessing the
car for the default on the note or would that have been theft?  See Turner
v. State, No. 10-06-00055-CR, 2007 Tex. App. LEXIS 1115 (Tex. App.—Waco Feb. 14, 2007, no pet.) (mem. op.).








gn: justify">            Justice Vance
Appeal abated
Order issued and filed October 30, 1996
Do not publish